IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK K. BAKER, and<br>TERRY LYNN BAKER, | : | Civil Action No. 4:14-CV-2295 |
| Plaintiffs, | : | (Judge Brann) |
| v. | : | |
| STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE CO., | : | |
| Defendants. | : | |

**MEMORANDUM**
June 11, 2015

Pending before this Court is Defendant State Farm Mutual Automobile Insurance Co.'s motion to dismiss Count III of Plaintiffs Mark and Terry Baker's amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' amended complaint seeks recovery on several bases for the failure of Defendant to pay what they allege is the entire amount of underinsured motorist benefits (hereinafter "UIM") due under several insurance policies at issue. Plaintiff Terry Lynn Baker asserts a claim for UIM benefits in the amount of $300,000 (Count I), Plaintiff Mark Baker asserts a claim for loss of consortium (Count II), and either or both

1

plaintiffs assert a claim for statutory bad faith (Count III). Defendant seeks to dismiss only Count III of Plaintiffs' amended complaint.

The matter has been fully briefed and is now ripe for disposition. In accordance with the following reasoning, Defendant's motion to dismiss is denied.

## I. BACKGROUND

On December 26, 2011, Plaintiff Terry Lynn Baker was involved in a motor vehicle accident caused by Joshua Todaro, the driver of the other motor vehicle involved. As a result of the accident, Mrs. Baker suffered serious injuries, including cervical strain with disk displacement requiring surgery, lumbosacral spondylosis with neuropathic pain and meralgia paresthetica. Mr. Todaro was insured through an automobile insurance policy with Travelers with liability limits of $50,000. Mrs. Baker, however, was insured through Defendant State Farm on an insurance policy for three automobiles. Her policy contained an underinsured motorist coverage provision with limits of $300,000.

Through letter dated June 26, 2012, Mrs. Baker's counsel informed Defendant that Travelers' policy limits were $50,000. On July 3, 2012, Defendant informed Plaintiffs' counsel that a claims representative, Michael Grove, had been assigned to handle the Plaintiffs' underinsured motorist claim and the letter further confirmed coverage in the amount of $100,000 per person with three vehicles on the policy providing stacking coverage. By November 1, 2012, Plaintiffs' counsel

informed Michael Grove that Travelers had tendered its policy limits and forwarded to Defendant the declaration page and proposed release. On August 20, 2013, Plaintiffs' counsel forwarded to Mr. Grove a complete compilation of Mrs. Baker's medical records and a note from her family physician dated May 13, 2013. Plaintiff's counsel requested the policy limits based on Mrs. Baker's medical diagnosis and pain. Defense counsel took Mrs. Baker's statement on October 10, 2013.

By letter dated January 10, 2014, Defendant informed Plaintiff's counsel of the status of receipt of various medical records. On May 12, 2014, Plaintiffs' counsel wrote Defendant's counsel to provide further information with respect to Mrs. Baker's treatment, detailing the failure of a pain control device implanted in Mrs. Baker and upcoming surgeries to correct that problem. In that letter, Plaintiffs' counsel requested a "without prejudice advance" of $10,000 because funds were running low for the Bakers. Defense counsel responded that Defendant does not have a policy of issuing payments prior to the completion of its evaluation of the claims presented and further requested an independent medical evaluation be performed on Mrs. Baker.

On November 17, 2014, Plaintiffs' counsel was informed by defense counsel that an IME had been scheduled for Mrs. Baker at a physician's office in Plains, Pennsylvania, over 100 miles from her home. Because of the short notice,

Plaintiffs requested that the IME be rescheduled.  It was therefore rescheduled for December 8, 2014 at a physician's office in Allentown, Pennsylvania, which is approximately 200 miles from Mrs. Baker's home in Tioga County, Pennsylvania.  To date the claim has not been resolved.  Plaintiffs initiated the instant lawsuit on December 2, 2014.

**II. LEGAL STANDARD**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  *Kost,* 1 F.3d at 183.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests.'" *Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. *See Hellmann*, 2008 WL 1969311 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id.* at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

### III. DISCUSSION

Defendant argues that there are no facts in the amended complaint to suggest that it acted without a reasonable basis, or with the knowledge that it lacked a reasonable basis in handling Plaintiffs' UIM claim.  Rather, it argues, the amended complaint shows nothing more than ordinary, reasonable, good-faith claims handling in the way it acted in its communications with the Plaintiffs.  Plaintiffs' main argument appears to be that Defendants have unreasonably delayed disposition of their UIM claim, in that it has been fifteen months since Plaintiffs provided to Defendant a statement under oath and there has been no offer, explanation of lack of offer, and no position stated by Defendant as to whether it considers Plaintiffs' underinsured claim valid or not.  Though not stated in the

amended complaint, Plaintiffs also argue that the IME was completed in the early part of December and as of the writing of their brief in mid-January there had been no word from Defendant with regard to that evaluation.

Pennsylvania's bad faith statute allows a plaintiff to recover interest, punitive damages, court costs and attorney fees if the insurer has acted in bad faith in handling the plaintiff's claim. 42 Pa.C.S.A. § 8371.  This statute extends to an insurer's handling of UIM claims. *See Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F.Supp.3d 671, 674-75 (E.D.Pa. 2014) (citing *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 500 (Pa.Super. 2004)). To recover for a claim of bad faith, the plaintiff must demonstrate that: (1) the defendant did not have a reasonable basis for denying benefits under the policy; and (2) the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. *See Terletsky v. Prudential Property and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa.Super. 1994); s*ee also Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997).

In considering the first prong of the analysis, the "court should examine what factors the insurer considered in evaluating a claim.  Bad faith claims are fact specific and depend on the conduct of the insurer *vis à vis* the insured." *Padilla*, 31 F.Supp.3d at 675 (quoting *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa.Super. 2006).  Under the second prong of the analysis, mere negligence or bad judgment does not constitute bad faith.  *See Polselli v. Nationwide Mut. Fire Ins.*

*Co.*, 23 F.3d 747, 751 (3d Cir. 1994); *see also Condio*, 899 A.2d at 1143 (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa.Super. 2000)). However, a showing of recklessness is sufficient to prove bad faith under the statute. *Id.* A plaintiff need not, however, prove that the insurer's delay in payment was motivated by an improper purpose. *See Padilla*, 31 F.Supp.2d at 675 (citing *Klinger*, 115 F.3d at 233).

In the instant matter, Plaintiffs have pled enough information to state a claim for bad faith. Specifically, they allege that they notified Defendant on November 1, 2012 that Travelers had tendered its policy limits. Slightly less than a year later, on August 20, 2013, they forwarded to Defendant's claims adjuster all of Mrs. Baker's medical records and a note from her family physician. Moreover, Plaintiffs allege that they have been fully cooperative with Defendant, signing authorizations as required, keeping Defendant informed as to medical treatment, and providing a statement under oath. However, Defendant failed to inform Plaintiff as to the status of her claim or render any decision on her claim. It was not until November 17, 2014, approximately 15 months after Plaintiffs forwarded to Defendant Mrs. Baker's medical records, that Defendant even scheduled an IME of Mrs. Baker.

Importantly, "[d]elay is a relevant factor in determining whether bad faith had occurred." *Kosierowski v. Allstate Ins. Co.*, 51 F.Supp.2d 583, 588 (E.D.Pa.

1999) (citing *Klinger*, 115 F.3d at 234).  Certainly, not just any minimal period of delay would be sufficient to state a claim for bad faith. *See, e.g., Robbins v. Metropolitan Life Ins. Co. of Connecticut*, Civil Action No. 08-0191, 2008 WL 5412087, at * 8 (E.D.Pa. Dec. 29, 2008) (holding that a four month delay, by itself, was not so unreasonable as to indicate bad faith because "while it might have been possible to conduct the investigation and evaluation more quickly, four months is not an unreasonable amount of time for such an investigation.").  However, taking into account the facts of each specific case, a more lengthy delay on the part of an insurer can become so unreasonable as to amount to bad faith. A delay of fifteen months under circumstances as detailed by the Plaintiffs could be so unreasonable as to amount to bad faith on Defendant's part and Plaintiffs have therefore adequately pled a claim under Pennsylvania's bad faith statute.[1]  Consequently, this Court deems it inappropriate to dismiss Plaintiffs' bad faith claim at this early stage in the litigation.

## IV. CONCLUSION

In accordance with the foregoing analysis, Defendant's motion to dismiss is denied.

---

[1] Defendant cites to three decisions, *Sypeck v. State Farm*, *Blockus, et al. v. State Farm*, and *Bremme v. State Farm*, in which each court determined that the plaintiff had not sufficiently pled a bad faith claim.  In *Padilla v. State Farm*, however, United States District Judge Lawrence Stengel considered these same three cases, synopsizing that each one of those cases was dismissed because the plaintiffs offered only unsupported, conclusory and threadbare assertions that the defendants had acted in bad faith.  *See Padilla*, 31 F.Supp.3d at 677.  Akin to the situation in *Padilla*, Plaintiffs' complaint in this case offers specific and relevant facts regarding their communications and interactions with Defendant; therefore, this Court concludes that the three cases cited by Defendant are inapposite to the current situation.

BY THE COURT:


<u>/s Matthew W. Brann</u>
Matthew W. Brann
United States District Judge